OPINION
{¶ 1} Appellant, Denzil Wilson, Jr., appeals from the trial court's conviction and sentence for a community control violation. A timely Notice of Appeal was filed on August 31, 2006. On October 30, 2006, counsel for Appellant filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous. In said brief, counsel for Appellant did not specifically set forth an individual Assignment of Error, but argued pursuant to correspondence with his client that the trial court erred when it imposed a five-year term of post-release control.
 {¶ 2} Appellant's counsel further stated that on November 16, 2006, Appellant had been notified of his right to file a pro se merit brief. No pro se merit brief has been filed by Appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On July 30, 2004, Appellant, being represented by counsel, pled guilty to a Bill of Information charging him with one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(3), a fourth degree felony. Sentencing was deferred pending a pre-sentence investigation.
 {¶ 4} On October 6, 2004, Appellant, being represented by counsel, stipulated to the classification of sexually oriented offender and was placed on a three (3) year term of community control with intensive supervision.
 {¶ 5} On June 13, 2005, Appellant pled guilty to one count of a violation of the sanctions of community control and Appellant was sentenced to serve an eighteen (18) month prison term consecutive to a sentence to be imposed in an unrelated Case Number CR2005-0078. The sentence was imposed pursuant to the purposes and principles of sentencing set forth in R.C.2929.11, 2929.12 and 2929.13(B). Appellant was further notified of a mandatory post-release control.
 {¶ 6} On July 14, 2005, Appellant filed a Notice of Appeal from his conviction and sentence. This Court reversed and remanded the case to the trial court for re-sentencing in accordance with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 7} On July 31, 2006, Appellant was re-sentenced. Appellant's community control sanction was revoked and Appellant was ordered to serve an eighteen (18) month prison term, consecutive to a sentence to be imposed in an unrelated Case Number CR2005-0078. Appellant was further notified of a five (5) year term of mandatory post-release control. It is from this re-sentencing entry that Appellant sought to appeal.
 {¶ 8} Appellant states in the Anders' brief that the trial court abused its discretion by imposing a mandatory term of post-release control. We disagree.
 {¶ 9} Ohio Revised Code Section 2967.28 provides, in pertinent part, as follows:
 {¶ 10} "(B) Each sentence to a prison term * * * for a felony sex offense * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * Unless reduced by the parole board * * * a period of post-release control * * * for a felony sex offense [is] five years."
 {¶ 11} In this case, upon re-sentencing pursuant to Foster, the trial court imposed a five (5) year term of post-release control as required by R.C. 2967.28(B).
 {¶ 12} Accordingly, Appellant's proposed Assignment of Error is hereby overruled.
 {¶ 13} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 14} The judgment of the Muskingum County Court of Common Pleas, General Division, is affirmed.
Gwin, P.J. Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY {¶ 15} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, General Division, is affirmed.
 {¶ 16} Attorney Frederick A. Sealover's motion to withdraw as counsel for Appellant, Denzil Wilson, Jr. is hereby granted.
IT IS SO ORDERED.